April 3, 1979

## 79-20 MEMORANDUM OPINION FOR THE GENERAL COUNSEL, IMMIGRATION AND NATURALIZATION SERVICE

### Constitutional Law—First Amendment— Amnesty International—Haitian Detainees

This is in response to your memorandum of February 15, 1979, requesting our opinion on the question whether the Immigration and Naturalization Service (INS) is obligated by the First Amendment either to make available to Amnesty International the names of all Haitian nationals held in detention pending deportation proceedings, or to give that organization the opportunity to interview detained Haitians for the purpose of determining whether they desire free legal representation in connection with potential claims for asylum. Based on the facts that you describe, it is our conclusion that INS is not obliged by the First Amendment to do either.

As we understand the situation, Amnesty International has indicated an intent to claim that, as an organization with purposes and functions similar in nature to those of the National Association for the Advancement of Colored People (NAACP) and the American Civil Liberties Union (ACLU), it has a First Amendment right to contact Haitian detainees and to offer them free legal assistance, even if its aid has not been requested by the particular detainee. You anticipate that ancillary to this asserted primary First Amendment right, Amnesty International will maintain that it has a right both to know the names of all Haitians detained and to interview each in person to assure that he or she is fully cognizant of the legal position and the assistance that that organization proposes to offer. The claim will be that in order for the INS not to infringe Amnesty International's First Amendment right to association, INS is obligated to provide the names and to permit face-to-face, one-on-one interviews. This claim will be made within the following factual context.

Each Haitian detainee has already been informed that he or she has the right to legal representation at no expense to the Government, *see* 8 CFR § 242.2(a) (1978), and has been given the names of organizations in the

community qualified under 8 CFR § 292.2 (1978),[1] that are willing to provide legal services without charge or at a nominal cost.[2] If a detainee has asked to be represented by an attorney or the accredited representative of a qualified organization, his designated counsel is permitted to interview him as provided in § 21e-g of the INS Administrative Manual.[3] Further, INS is willing to deliver, via a blind mailing, a written communication[4] from Amnesty International to all Haitian detainees urging them to authorize visits by representatives of that organization. The INS will honor the request of an individual who authorizes such a visit.[5]

We assume for the purposes in this opinion that Amnesty International is, for First Amendment analysis purposes, identical in nature to the ACLU and the NAACP, and that the Government may not, consistent with the First Amendment, broadly prohibit it from offering free legal representation to a person with a potential case that, if litigated, might serve "as a vehicle for effective political expression and association, as well as a means of communicating useful information to the public." *In Re Primus,* 436 U.S. 412, 431 (1978). *See also, NAACP* v. *Button,* 371 U.S. 415 (1963). However, that Amnesty International may have a limited constitutional right to solicit, or indeed to communicate with, detainees for other purposes, does not imply that INS is obliged to provide it with a list of potential litigants or that the Service must permit unrequested, in-person interviews of all detained Haitians.

With respect to a First Amendment duty of INS to disclose to Amnesty International a list of Haitian detainees, we believe that organization to be in a legal position analogous to that in which a reporter would find himself were he to make such a claim. That is, although the Government may be circumscribed by the First Amendment in regulating Amnesty International's solicitation, as it is in regulating a reporter's newsgathering activities, that limitation—whatever its nature and scope—does not give birth to a corollary affirmative duty to disclose or provide access to information that is not generally available to the public. *Cf., Houchins* v. *KQED, Inc.,* 438 U.S. 1 (1978); *Pell* v. *Procunier,* 417 U.S. 817 (1974); *Saxbe* v. *Washington Post Co.,* 417 U.S. 843 (1974).[6] In short, any right

---

[1] Amnesty International, you state, has not applied for recognition under 8 CFR § 292.2(b), and therefore has no accredited representative under 8 CFR § 292.2(d) who may represent aliens as permitted by 8 CFR § 292.1(a)(4).

[2] You note that the Miami District Office has refused to refer detainees to the Haitian Refugee Center.

[3] Detainees are also permitted to have visits from relatives and friends, Administrative Manual § 21a, and Consuls. *Id.,* § 21e.

[4] Although you have not so stated, we assume that INS would be willing to communicate the content of the written communication orally to an illiterate detainee.

[5] As we understand it, INS is willing to permit interviews by Amnesty International at the request of a detainee even though that organization is not presently a qualified organization in a position to provide accredited representation to aliens in administrative proceedings. *See* n. 1, *supra.*

[6] An argument can be made that this general rule must be a qualified one. Thus, were
(Continued)

that Amnesty International may have to a list of names of detained Haitians is co-extensive with and no greater than that of the public.[7]

It is also clear that any First Amendment right that Amnesty International has to solicit does not preclude INS from adopting a policy reasonably designed to protect the privacy of detainees in its custody who wish to be free from in-person, face-to-face solicitation. The Supreme Court strongly implied, in *In Re Primus, supra,* at p. 435, n. 28, that even with respect to "free world" solicitation, the Government retains broad power to limit unrequested face-to-face solicitation. That power clearly exists when, as with detainees, the Government controls access to the physical environment in which a person desiring and entitled to some degree of privacy finds himself.

When the Government places a person in a situation in which he is unable to turn his back or walk away from third-party communications he has no desire to see or hear, *compare, Erznoznik* v. *City of Jacksonville,* 422 U.S. 205 (1975), it does not offend the First Amendment rights of the third party by offering its captive the opportunity to choose whether he wishes to be communicated with before he is addressed in person. This is so because the right of one wishing to communicate or associate with another has never been viewed as including the right to compel the person to listen to or view unwanted communications. *Rowan* v. *Post Office Department,* 397 U.S. 728, 737 (1970). The procedure that INS has adopted, namely, that it will communicate Amnesty International's desire to solicit to all Haitian detainees and leave the decision whether to submit to a face-to-face interview to each individual, is reasonable and does not abridge any First Amendment right of that organization. It is a procedure

---

(Continued)
the situation that, without INS providing their names, Amnesty International would be totally unable to make contact with the Haitian detainees, and were litigating the cases of the Haitian detainees the only vehicle for exercising its First Amendment rights, Amnesty International would have an appealing argument for a special right to disclosure. However, no such argument is available to Amnesty International here. First, it has not shown that with diligence it could not identify at least some of the Haitian detainees (through, for instance, talking to friends, relatives, attorneys, or refugee organization); and second—and more importantly—INS has offered to deliver its solicitation via a blind mailing.

[7] The public's right to access to Government records is defined by the Freedom of Information Act, 5 U.S.C. § 552 (1976). You have asked whether a list of names of Haitian detainees would be withholdable under exemption (b)(6) of that Act. The Office of Information Law and Policy is the component of the Department of Justice to which questions concerning the applicability of an exemption to a given fact situation should be addressed.

sanctioned by the rule enunciated in *Rowan* v. *Post Office Department, supra.*[8]

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[8] *Rowan* holds, generally, that the Government may permissibly adopt a regulation that permits a person to protect the privacy of his home by requesting the Government to order his name removed from mailing lists for materials he finds offensive. We view a detainee's cell as his "home" and believe that he has a right to privacy from third-party intrusions. We read *Rowan* as authority for INS to protect that privacy by reasonable regulation and view as reasonable a regulation (or procedure) that allows the detainee to decide which intrusions he will permit.